Case 07-09027    Filed 01/29/08    Doc 22

FILED

JAN 2 9 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA



# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# MODESTO DIVISION

| | |
|---|---|
| In re:<br><br>JEFF STEWART,<br><br>               Debtor.<br>_____<br><br>LARRY GRAY, TRUSTEE,<br><br>               Plaintiff,<br><br>v.<br><br>THE INSURANCE CORPORATION OF NEW YORK aka INSCORP INSURANCE CORPORATION OF NEW YORK,<br><br>               Defendant.<br>_____ | Case No. 05-92908-D-7<br><br><br><br><br><br><br><br>Adv. Pro. No. 07-9027-D<br><br><br>Docket Control No. [moving party did not designate a docket control number]<br><br><br><br><br><br>Hearing<br>DATE:   January 9, 2008<br>TIME:   10:30 a.m. |

## MEMORANDUM DECISION

On October 12, 2007 Larry Gray, the chapter 7 trustee, filed a Complaint for Damages (the "Complaint") naming the Insurance Corporation of New York ("INSCORP") as a defendant. On December 26, 2007, INSCORP filed a motion to dismiss the Complaint. For the reasons set forth below, the court will deny the motion.

/ / /

/ / /

/ / /

## I. BACKGROUND

On April 11, 2005, Jeff Stewart Drywall, Inc. filed a voluntary petition under chapter 7 of the Bankruptcy Code (the "Code"), in the Modesto Division of the United States Bankruptcy Court for the Eastern District of California as Case No. 05-90687-D-7.

On October 14, 2005, Jeff Stewart (the "Debtor") filed a voluntary petition under chapter 7 of the Code, in the Modesto Division of the United States Bankruptcy Court for the Eastern District of California. At all times relevant Larry Gray (the "Trustee") has been acting as trustee in the Debtor's bankruptcy case.

On October 12, 2007 the Trustee filed the Complaint which includes a cause of action for breach of duty to defend; breach of duty to indemnify; breach of the covenant of good faith and fair dealings; intentional infliction of emotional distress; and negligent infliction of emotional distress.

The Complaint alleges the following: (1) Jeff Stewart Drywall, Inc. is a California corporation licensed to do business in California and that at all times relevant the Debtor was the officer, director, and sole shareholder of Jeff Stewart Drywall, Inc.; (2) that Jeff Stewart Drywall, Inc. is the named insured under an insurance policy with INSCORP (the "INSCORP Policy"); (3) that the Debtor is a named insured under the INSCORP Policy and/or is a party for whose benefit the INSCORP Policy was created; (4) that a claim arose under the INSCORP Policy; (5) that INSCORP had a duty to defend that extended to both Jeff Stewart Drywall, Inc. and the Debtor; (6) that INSCORP failed to

defend and wrongly denied coverage; and (7) as a result of INSCORP's breach of duty to defend and wrongful denial of coverage the Debtor was damaged.

On December 26, 2007 INSCORP filed a motion to dismiss the Complaint (the "Motion to Dismiss"). The Motion to Dismiss asserts the following: (1) the Trustee lacks standing, as the Trustee is neither an insured nor a beneficiary under the INSCORP Policy; and (2) Jeff Stewart Drywall, Inc. is already seeking similar relief in another lawsuit pending in its chapter 7 case.

INSCORP's counsel has submitted a declaration in support of the Motion to Dismiss (the "Declaration"), that purports to authenticate the INSCORP Policy and have the INSCORP Policy introduced into evidence. The Trustee has objected to the Declaration and to the INSCORP Policy being admitted into evidence. The Trustee's evidentiary objection is based, in part, on the assertion that INSCORP's counsel has not demonstrated personal knowledge sufficient to authenticate the INSCORP Policy, and that the INSCORP Policy is missing several pages and is facially incomplete.

## II.    CONTENTIONS OF THE PARTIES

The crux of INSCORP's argument is that Debtor is not an insured or beneficiary under the INSCORP Policy, and as a result the Trustee lacks both standing to bring the Complaint and has failed to state a claim for relief. INSCORP relies on the INSCORP Policy to support its position. Alternatively, INSCORP argues it is entitled to dismissal of the Complaint because Jeff Stewart Drywall, Inc. has a similar complaint pending it its own chapter 7 case.

- 3 -

1  The Trustee responds by arguing the following: (1) that the
2  court should not consider material outside the Complaint, and the
3  Complaint alleges that "Jeff Stewart Drywall, Inc. and/or the
4  Debtor are named as insured under the policy, or, alternatively,
5  that Jeff Stewart is a party for whose benefit the INSCORP policy
6  was created in view of his status as an officer, director, and
7  sole shareholder of Jeff Stewart Drywall, Inc.;" (2) that at this
8  stage of the proceeding the Trustee's allegations must be taken
9  to be true, and accordingly the Motion to Dismiss must be denied;
10 (3) that as to the cause of action for good faith and fair
11 dealing, it is enforceable by anyone within the class of insureds
12 under the INSCORP Policy; (4) the fact that Jeff Stewart Drywall,
13 Inc. may have a separate lawsuit pending dealing with the INSCORP
14 Policy is not a basis for having the Complaint dismissed; and (5)
15 that even if the court were inclined to consider material outside
16 the Complaint, such as the INSCORP Policy, the policy has not
17 been properly authenticated, is incomplete and should not be
18 admitted into evidence.

### III. ANALYSIS

21 This court has jurisdiction over the Motion pursuant to 28
22 U.S.C. §§ 1334 and 157(b)(1). The Motion is a core proceeding
23 under 28 U.S.C. § 157(b)(2)(I).

A. Standards for Dismissal under Fed. R. Civ. P. 12(b)(6)

25 The United States Supreme Court has recently adopted a
26 "plausibility" standard for assessing Rule 12(b)(6) motions,
27 analyzing the complaint before it in terms of whether it
28 contained enough factual allegations, taken as true, to plausibly

1 suggest that the plaintiff was entitled to relief. <u>Bell Atl.
2 Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 945
3 (2007). "[W]e do not require heightened fact pleading of
4 specifics, but only enough facts to state a claim to relief that
5 is plausible on its face." 127 S. Ct. at 1974.

6 On a motion to dismiss, generally the court should not
7 consider material outside the complaint (<u>e.g.</u>, facts presented in
8 briefs, affidavits, or discovery materials.) [California Practice
9 Guide: <u>Federal Civil Procedure Before Trial</u>, 9:211 at 9-60,
10 citing <u>Arpin v. Santa Clara Valley Transp. Agency</u> (9th Cir.
11 2001), 261 F.3d 912, 925].

12 Instead, the complaint must be construed in the light most
13 favorable to the Plaintiff, accepting as true all material
14 allegations, as well as reasonable inferences to be drawn from
15 them [<u>Conley v. Gibson</u> (1957) 355 U.S. 41, 45-46; <u>Pareto v.
16 F.D.I.C.</u> (9th Cir. 1998) 139 F.3d 696, 699]. Thus, no matter how
17 improbable the facts alleged are, they must be accepted as true
18 for purposes of the motion. [<u>Neitzke v. Williams</u> (1989) 490 U.S.
19 319, 328-329, <u>Cited</u> in <u>Federal Civil Procedure Before Trial</u>,
20 9:216 at 9-66].

21 As a preliminary matter, the court sustains the Trustee's
22 evidentiary objection to the Declaration. Specifically, the
23 court finds that the Declaration does not sufficiently
24 demonstrate the declarant's personal knowledge of the INSCORP
25 Policy to authenticate same. INSCORP's counsel is not a party to
26 the INSCORP Policy, nor has she demonstrated personal knowledge
27 of the document. As a separate basis for sustaining the
28 / / /

Trustee's evidentiary objection, the court finds the INSCORP Policy attached to the Declaration is facially incomplete.

As to the Motion to Dismiss, the problem with INSCORP's argument is that it requires the court to look outside of the Complaint. The Complaint alleges that "Jeff Stewart is a named insured under the INSCORP Policy, and/or a party for whose benefit the INSCORP Policy was created in view of his status as an officer, director and sole shareholder of Jeff Stewart Drywall, Inc." [Complaint at § 11] The Complaint must be construed in the light most favorable to plaintiff accepting material allegations as true. Accordingly, the court finds the Complaint contains sufficient factual allegations, taken as true, to plausibly suggest that the Trustee is entitled to relief. <u>Bell Atl. Corp vs. Twombly</u>, <u>supra</u>.

The court recognizes that under limited circumstances it can look outside a complaint and consider a document that is central to a complaint. However, in the case at hand even if the court were inclined to consider the INSCORP Policy, the court has sustained the Trustee's evidentiary objection and the INSCORP Policy has not been admitted into evidence. Thus, the INSCORP Policy is not part of the court record. The court is left only with the allegations contained in the Complaint, which on their face withstand the Motion to Dismiss.

As to INSCORP's argument that Jeff Steward Drywall, Inc. has a similar action pending in its bankruptcy case, that is not a basis for dismissal of the Complaint.

/ / /

/ / /

IV.   CONCLUSION

The court finds that when construing the Complaint in the light most favorable to the Trustee and accepting as true all material allegations, that the Complaint states a claim upon which relief can be granted.

For the reasons set forth above the court will issue an order denying the Motion to Dismiss and set a deadline for the filing of an answer or other responsive pleading.

Dated:  JAN 2 9 2008

ROBERT S. BARDWIL
United States Bankruptcy Judge

- 7 -

## Certificate of Service

I certify that on _____**JAN 2 9 2008**_____ a copy of the **foregoing document** was mailed to the following:


Office of the US Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Abram Feuerstein
20 N Sutter Street, 4th Floor
Stockton, CA 95202

Kimberly Amick
Archer Norris
2033 North Main Street, #800
Walnut Creek, CA 94596

                                        FOR THE COURT
                                        RICHARD G. HELTZEL
                                        CLERK, U.S. BANKRUPTCY COURT


                                        By: _____
                                                    Deputy Clerk